against the plaintiff's objection and exception, that the plaintiff was not popular in the community in which he "had made his name notorious and hated." The general character of the plaintiff was in issue, and the defendants had the right to prove that character bad; but the plaintiff's popularity or unpopularity in the community was not material, nor was it a justification of the charge in the libel that he "had made his name notorious and hated." The real libel in such a charge is that it imports the plaintiff had so misconducted himself as to become notorious and hated, and the charge could only be justified by proof of such conduct.

The order appealed from should be affirmed, with costs to abide the event of the action.

Order granting new trial affirmed, with costs to the respondent to abide the event of the action.

---

(36 App. Div. 218.)

STEMMERMAN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. January 3, 1899.)

APPEAL AND ERROR—JURY—VERDICT—DAMAGES.
    Where the evidence justified a verdict either way, the appellate court cannot assume that, because the jury erred in the amount of damages assessed, they also erred in their conclusion on the general facts.

Appeal from trial term, Kings county.

Action by Kate M. Stemmerman against the Nassau Electric Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

Henry Yonge (Clarence J. Shearn, on the brief), for appellant.
S. S. Whitehouse, for respondent.

GOODRICH, P. J. The action was brought to recover damages sustained by the plaintiff in a collision between a wagon in which she was riding and one of the cars of the defendant. The jury rendered a verdict for $8,000. A motion was made for a new trial, and an order was entered granting the motion, unless the plaintiff stipulated to reduce the recovery to $4,000. The plaintiff so stipulated, and entered judgment for the reduced recovery. The defendant now appeals from the judgment and the order.

It is evident from the record that the learned trial justice exercised wisely and courageously the somewhat thankless duty which the law has imposed upon the justice presiding at the trial term, where, by reason of opportunity to observe witnesses and the course of trial, discretion can be exercised far better than can be done by the appellate division on the record. We are clearly of opinion that the learned justice arrived at a just conclusion in reducing the amount of the recovery. The defendant, however, contends that the judgment should be still further reduced. It insists that the verdict of $8,000 was so manifestly unjust and excessive that it furnishes irre-

sistible evidence that the jury were so far carried away by prejudice and passion that they could not have impartially decided the question of negligence in the case. The defendant's counsel, however, with a frankness which ·did him credit, stated on the argument of this appeal that the evidence was contradictory, and of such a character as to justify a verdict for either party. This is confirmed by a reading of the record on appeal, and we cannot assume that, because the jury erred in assessing the damage, they erred in their conclusion upon the general facts. Nor do we see how they could have arrived at any other result. There is no doubt of the power of this court to reduce a modified verdict. In De Puy v. Kann, 32 App. Div. 638, 53 N. Y. Supp. 1103, the jury had rendered a verdict for $2,500 in an action for false arrest. The trial justice reduced the amount to $1,500. In our judgment the amount of the recovery in that case was still excessive, and, with a good deal of hesitation, as the trial justice had exercised his discretion, and because we deemed it an extreme recovery, we concluded to reduce it to $750. I know of no other case where such a course has been taken by any court. It became important, therefore, to see whether, as argued by the defendant's counsel, the circumstances required a further reduction of the recovery in the case at bar. After a careful reading of all the testimony upon the subject, and the opinion rendered by the trial justice, we are of opinion that there should be no further modification of the verdict.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concurred in result.